IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ST. MICHAEL'S CENTER FOR      §
SPECIAL SURGERY, LTD.,        §
                             §
          Plaintiff,          §
                             §
v.                            §      CIVIL ACTION NO. H-10-0901
                             §
CIGNA HEALTHCARE, INC. and    §
CIGNA CORPORATION,            §
                             §
          Defendants.         §

## MEMORANDUM OPINION AND ORDER

Plaintiff, St. Michael's Center for Special Surgery, Ltd.,
brings this action against defendants, CIGNA Healthcare, Inc. and
CIGNA Corporation, for fraudulent inducement, quantum meruit,
fraud, promissory estoppel, and sworn account.  Pending before the
court is Defendants' Motion to Dismiss (Docket Entry No. 5), to
which the plaintiff has not responded.  For the reasons explained
below, defendants' motion will be granted and this action will be
dismissed without prejudice.

## I.  Factual and Procedural Background

On January 13, 2010, Plaintiff's Original Petition was filed
in state district court.  Plaintiff alleges therein that it

> 7.  . . . is an ambulatory surgery center providing
> medical services for patients suffering from hand/upper
> extremity, foot and orthopedic ailments and injuries.

Plaintiff has provided medical services to patients whom carry Cigna Healthcare Insurance as their healthcare insurance provider. Plaintiff has provided medical care to Cigna Insured patients resulting in medical bills owing and outstanding from a time period of December 20, 2008 to present. Prior to providing services, Plaintiff verified and certified the medical coverage of each patient whom Plaintiff provided medical services upon.

8.    Plaintiff timely rendered bills for services rendered to Cigna Healthcare Inc. patients covered under their medical plan to Defendant(s) for issuance of payment.

9.    Cigna returned various correspondence on the patients denying payment on Cigna Healthcare-covered claims alleging that Plaintiff had not collected all premiums and deductibles.

10.    Plaintiffs initiated contact with Defendants via conference calls and written correspondence detailing Plaintiffs efforts to comply with all requests to collect all premiums and deductibles. Plaintiff also sent a demand letter on August 14, 2009 to Defendant providing notice of Plaintiff's demand for prompt payment under the Texas Prompt Pay Statu[t]es for medical services rendered to patients covered under Cigna's healthcare plan. Defendants have refused payment on services rendered to Cigna Healthcare covered patients whom Plaintiff rendered medical services upon with a balance of $4,06,193.78 [sic].[1]

On March 18, 2010, defendants filed a Notice of Removal (Docket Entry No. 1) based on assertions that the plaintiff's claims are all preempted by the Employee Retirement Income Security Act (ERISA), and that the parties are completely diverse. On March 24, 2010, defendants filed a Motion to Extend the Deadline for Defendants to Answer, Move, or Otherwise Plead (Docket Entry

---

[1]Plaintiff's Original Petition ¶¶ 7-10, attached to Notice of Removal, Docket Entry No. 1.

No. 4); and on April 5, 2010, defendants filed Defendants' Motion to Dismiss (Docket Entry No. 5).  On April 27, 2010, the court entered an Order Granting defendants' Motion to Extend the Deadline for Defendants to Answer, Move, or Otherwise Plead (Docket Entry No. 7).  Although more than six weeks have passed since April 5, 2010, when defendants filed their motion to dismiss, plaintiff has not responded to the pending motion to dismiss.

Local Rule 7.3 provides that "Opposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance by counsel."  S.D.Tex.R. 7.3 (2000).  Local Rule 7.4 provides:

> Failure to respond will be taken as a representation of no opposition.  Responses to motions
>
> A.   Must be filed by the submission day;
>
> B.   Must be written;
>
> C.   Must include or be accompanied by authority; and
>
> D.   Must be accompanied by a separate form order denying the relief sought.

S.D.Tex.R. 7.4 (2000).  In accordance with Local Rule 7.4, the court may take plaintiff's failure to respond to defendants' motion to dismiss as a representation of no opposition to the factual assertions made in the defendants' motion.  See Eversley v. MBank Dallas, 843 F.2d 172, 173-174 (5th Cir. 1988).  Nevertheless, the court will address the merits of defendants' motion.

-3-

## II.   Defendants' Motion to Dismiss

Defendants move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted.

### A.   Standard of Review

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S.Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  Id.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 997 (2002) (quoting Scheuer v. Rhodes, 94 S.Ct. 1683, 1686 (1974)).  To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).  This "plausibility standard" requires "more than an unadorned, the-defendant-unlawfully-harmed-me

-4-

accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 127 S.Ct. at 1966).[2]

## B.  Analysis

Plaintiff's Original Petition alleges claims for fraudulent inducement, fraud, quantum meruit, promissory estoppel, and sworn account. These claims are all based on allegations that during the precertification process the defendants misrepresented to the plaintiff that the patients at issue were covered by insurance and that the defendants would pay plaintiff for the medical services that plaintiff provided to defendants' participants and beneficiaries. Defendants argue that plaintiff's claims are subject to dismissal because "[p]laintiff's state-law claims are

---

[2]Before Twombly dismissal under Rule 12(b)(6) would not be appropriate unless it appeared beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 78 S.Ct. 99, 102 (1957). In Twombly, 127 S.Ct. at 1966, the Supreme Court disavowed the "no set of facts" language from Conley. The Supreme Court explained that "[t]his phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. Courts have applied this change generally, and not limited its application to cases like Twombly that involve antitrust law. Although this court's decision to grant the Defendants' Motion to Dismiss rests on the standard expressed in Twombly and Iqbal, the court would have reached the same decision had it applied the standard expressed in Conley.

completely preempted under § 502(a) of ERISA."[3]  Alternatively,
defendants argue that plaintiff's claims are subject to dismissal
because "[p]laintiff has failed to state a claim under state law
for which relief can be granted."[4]

1.  <u>Complete Preemption</u>

Asserting that "the vast majority of CIGNA's business entails
the administration of self-funded plans or insurance policies
issued to fund certain benefits available under employee benefits
plans subject to ERISA,"[5] defendants contend that

> there is a very substantial likelihood that most, if not
> all, of the claims Plaintiff asserts in this case are
> founded upon claims for benefits alleged to be due under
> ERISA governed plans.  It is significant that Plaintiff
> is seeking to recover benefits claimed to be due under
> benefit plans subject to ERISA because ERISA preempts any
> state law claims that seek to recover such benefits.[6]

Plaintiff has not responded to the defendants' motion to dismiss
and, therefore, does not dispute defendants' contention that "most,
if not all, of the claims Plaintiff asserts in this case are
founded upon claims for benefits alleged to be due under ERISA
governed plans."  Nevertheless, ERISA does not preempt claims that
are not dependent on a beneficiary's right to recover benefits.

---

[3]Defendants' Brief in Support of the Motion to Dismiss, Docket
Entry No. 6, p. 7.

[4]<u>Id.</u>

[5]<u>Id.</u> at 5.

[6]<u>Id.</u>

(a)   Applicable Law

Complete preemption exists when "Congress . . . so completely preempt[s] a particular area, that any civil complaint raising that select group of claims is necessarily federal in character." Metropolitan Life Insurance Co. v. Taylor, 107 S.Ct. 1542, 1546 (1987). "This is so because '[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'" Aetna Health Inc. v. Davila, 124 S.Ct. 2488, 2495 (2004) (quoting Beneficial National Bank v. Anderson, 123 S.Ct. 2058, 2063 (2003)). Under ERISA complete preemption exists only as to those claims within the scope of the civil enforcement provisions of § 502(a), i.e., 29 U.S.C. § 1132(a). Id. at 2495-96. Section 502(a) specifies which persons -- participants, beneficiaries, fiduciaries, or the Secretary of Labor -- may bring actions for particular kinds of relief. In Davila, 124 S.Ct. at 2488, the Supreme Court established a two-part inquiry for courts to use when determining whether ERISA completely preempts a cause of action based on state law. State law causes of action are completely preempted by ERISA § 502(a) when (1) the plaintiff could have brought the claim under ERISA, and (2) there is no legal duty independent of ERISA or the plan terms that is implicated by the defendant's actions. Davila, 124 S.Ct. at 2496. See also Memorial Hospital System v. Northbrook Life Ins. Co., 904

-7-

F.2d 236, 238 (5th Cir. 1990); <u>Transitional Hospitals Corp. v. Blue</u>
<u>Cross & Blue Shield of Texas, Inc.</u>, 164 F.3d 952, 955 (5th Cir.
1999); <u>Saint Luke's Episcopal Hospital Corp. v. Stevens Transport,</u>
<u>Inc.</u>, 172 F.Supp.2d 837, 841 (S.D. Tex. 2000).

    (b)   Application of the Law to the Facts

        **(1)   Plaintiff's Right to Bring Claims Under ERISA**

    The first part of the <u>Davila</u> inquiry requires the court to
determine whether plaintiff could have brought its claims under
§ 502(a), 29 U.S.C. § 1132(a), which limits the claims against
insurers to claims brought by participants and beneficiaries. <u>See</u>
<u>Franchise Tax Board of the State of California v. Construction</u>
<u>Laborers Vacation Trust for Southern California</u>, 103 S.Ct. 2841,
2855 (1983) ("ERISA carefully enumerates the parties entitled to
seek relief under § 502"). A medical care provider cannot bring an
action under Section 502(a) of ERISA in its own right, but can
bring such claims as an assignee of plan benefits. <u>Memorial</u>
<u>Hospital</u>, 904 F.2d at 249 (citing <u>Hermann Hospital v. MEBA</u>
<u>Medical & Benefits Plan</u>, 845 F.2d 1286, 1290 (5th Cir. 1988)). In
such an action the provider stands in the shoes of the ERISA
beneficiary to assert its rights under the plan, rather than
asserting an independent legal duty owed directly to the provider.
<u>Id.</u>

    Neither plaintiff nor defendants contend that plaintiff is
bringing this action as an assignee of the patients' claims and not

-8-

as a third-party beneficiary.  Although plaintiff has not responded to defendants' motion to dismiss, the court cannot conclude from defendants' contention that "most, if not all, of the claims Plaintiff asserts in this case are founded upon claims for benefits alleged to be due under ERISA governed plans."[7]  Moreover, plaintiff's allegations are not that the defendants have denied claims for benefits, but that defendants have wrongfully failed to pay claims because plaintiff has not verified to defendants' satisfaction that it has collected all deductibles and premiums.[8]

Because plaintiff is not suing defendants as the assignee of its patients' benefits, and because plaintiff's claims do not affect the relationship between traditional ERISA entities (i.e., the employer, the plan and its fiduciaries, and the participants and beneficiaries), the court has no basis on which to conclude that plaintiff could have brought its claims under § 502(a) of ERISA.  Fifth Circuit precedent is clear that detrimental reliance claims brought by third-party providers are not subject to complete preemption under ERISA.  See Transitional Hospitals, 164 F.3d at 954 ("ERISA does not preempt state law when the state-law claim is brought by an independent, third-party health care provider (such as a hospital) against an insurer for its negligent representation

---

[7]Id.

[8]Plaintiff's Original Petition ¶ 9, attached to Notice of Removal, Docket Entry No. 1.

regarding the existence of healthcare coverage."). Accordingly, the court concludes that the first prong of the <u>Davila</u> test for determining if plaintiff's state law claims are completely preempted by ERISA is not satisfied on the current record.

### (2)   Legal Duty Independent of ERISA

Even if the plaintiff could bring suit against the defendants under § 502(a) because the patients at issue have assigned their rights to benefits to the plaintiff, under <u>Davila</u>'s second prong the plaintiff's claims are completely preempted only if they are not supported by an independent legal duty. The plaintiff's claims are for fraud, fraudulent inducement, promissory estoppel, <u>quantum</u> <u>meruit</u>, and sworn account. Because these are independent causes of action based on dealings between the plaintiff provider and the defendant healthcare plans, the court concludes that the plaintiff's claims are not completely preempted because the claims asserted in this action are not based on ERISA.

In <u>Transitional Hospitals</u>, 164 F.3d at 952, the Fifth Circuit addressed whether a hospital's claims against an ERISA plan insurer were subject to complete preemption. The hospital alleged that prior to admitting the patient defendants misrepresented that the ERISA plan would pay 100% of the patient's hospital bills after Medicare benefits were exhausted. The hospital sued defendants based on breach of contract and common law and statutory misrepresentation. The Fifth Circuit explained that "ERISA does

-10-

not preempt state law when the state-law claim is brought by an independent, third-party health care provider (such as a hospital) against an insurer for its negligent misrepresentation regarding the existence of health care coverage." Id. at 954. But because the hospital's breach of contract claims were "based on defendants' alleged failure to pay the full amount of benefits due under the terms of the [ERISA] policy," the Fifth Circuit concluded that those contract claims were preempted. Id. at 955.

The facts alleged in this case are analogous to the facts alleged in St. Luke's Episcopal Hospital v. Acordia National, 2006 WL 3093132 (S.D. Tex. 2006). There the hospital sued the insurer alleging that the hospital relied on the insurer's representations in the precertification process that the treatment provided would be covered under the patient's ERISA plan. The Court held:

> Acordia's potential liability to St. Luke's for misrepresentation-during-precertification is not dependent on the Plan terms because Acordia can be liable even if it correctly denied coverage under the Plan terms. The statutory and common-law duties allegedly breached by the representation about coverage and eligibility during precertification implicate the Plan, but do not derive from the Plan or depend wholly on the Plan terms.

Id. at *14. The court concluded that the hospital's misrepresentation-during-precertification claim was not completely preempted. Id.

After careful review of the plaintiff's petition, the court concludes that the plaintiff's claims against the defendants are all based on the prior approval/misrepresentation theory of recovery. The plaintiff pleads that

-11-

7.   .  .  .  Prior  to  providing  services,  Plaintiff
verified  and  certified  the  medical  coverage  of  each
patient whom Plaintiff provided medical services upon.

8.   Plaintiff  timely  rendered  bills  for  services
rendered to Cigna Healthcare Inc. patients covered under
their  medical  plan  to  Defendant(s)  for  issuance  of
payment.

9.   Cigna  returned  various  correspondence  on  the
patients  denying  payment  on  Cigna  Healthcare-covered
claims alleging that Plaintiff had not collected all
premiums and deductibles.

10.  .  .  .  Defendants have refused payment on services
rendered  to  Cigna  Healthcare  covered  patients  whom
Plaintiff rendered medical services upon. .  .  .[9]

Plaintiff's  claim  for  fraudulent  inducement  is  based  on

allegations that the defendants

stated that prompt payment would be made to Plaintiff if
verifi[cation of] all attempts to collect premiums and
deductibles by Plaintiffs of the Cigna healthcare covered
patients would occur.  Defendant had no intention of
complying  with  the  Texas  Prompt  Payment  Statutes  and
refused to pay for services provided to Cigna Healthcare
Covered Patients.[10]

Plaintiff's claim for quantum meruit is based on allegations that

"Defendant  represented  that  medical  coverage  on  the  necessary

medical  services  would  be  covered  .  .  .  [but that]  Defendant

wrongfully concluded that Plaintiff was practicing fee-forgiving in

its collection practices."[11]  Plaintiff's claim for fraud is based

---

[9]Plaintiff's Original Petition ¶¶ 7-10, included in Notice of
Removal, Docket Entry No. 1.

[10]Id. ¶ 12.

[11]Id. ¶ 14.

-12-

on allegations that the defendants "made material misrepresen-
tations to the Plaintiffs that induced the Plaintiffs to provide
services to Defendants healthcare covered patients.    The
representations made by Defendants were false and Plaintiffs
justifiably relied on Defendants representations."[12]  Plaintiff's
claim for promissory estoppel is based on allegations that "[a]
promise was made to Plaintiff which Defendant could foresee that
Plaintiff would rely upon that promise.  Plaintiff did rely upon
that promise to their detriment and an injustice can be avoided
only by the legal enforcement of the promise."[13]  Plaintiff's claim
for sworn account is based on allegations that "Plaintiffs rendered
services upon a patients account and the amount is usual, customary
and reasonable."[14]

    Plaintiff's claims are all based on the prior approval/
misrepresentation theory of recovery, and do not depend on the
right to payment under the patients' benefit plans.  Instead,
plaintiff's claims depend wholly on the truth and legal effect of
the alleged prior approval and misrepresentations by the
defendants.  As such, consistent with the holdings in Davila, 124
S.Ct. at 2495, Transitional Hospitals, 164 F.3d at 954, and
St. Luke's, 2006 WL 3093132 at *14, the plaintiff's claims are

---

[12]Id. ¶ 16.

[13]Id. ¶ 18.

[14]Id. ¶ 20.

-13-

based on a legal duty that is independent of ERISA and the terms of any ERISA plans that may be at issue.

       (c)   Conclusions

Because plaintiff is not suing defendants as the assignee of its patients' benefits, and because plaintiff's claims do not affect the relationship between traditional ERISA entities (i.e., the employer, the plan and its fiduciaries, and the participants and beneficiaries), the court has no basis to conclude that plaintiff could have brought its claims under § 502(a) of ERISA. Because plaintiff's state-law claims depend wholly on the truth and legal effect of the alleged prior approval and misrepresentations by the defendants, they are based on a legal duty that is independent of ERISA and the terms of any ERISA plans that may be at issue. Accordingly, plaintiff's state-law claims are not subject to dismissal as completely preempted by ERISA.[15] See Memorial Hospital, 904 F.2d at 250 ("We cannot believe that Congress intended the preemptive scope of ERISA to shield welfare plan fiduciaries from the consequences of their acts toward non-ERISA health care providers when a cause of action based on such conduct would not relate to the terms or conditions of a welfare

---

[15]See Defendants' Brief in Support of the Motion to Dismiss, Docket Entry No. 6, p. 7 n.4 ("Defendants acknowledge that some courts have held that a claim based upon the allegation that a medical care provider relied upon an insurer's false statement that benefits would be paid if services were provided to an insured are not preempted.").

plan, nor affect -- or affect only tangentially -- the ongoing administration of the plan."); Center for Restorative Breast Surgery, LLC v. Blue Cross Blue Shield of Louisiana, 2007 WL 1428717, *5 (E.D. La. 2007) (claims for detrimental reliance, quantum meruit, and unjust enrichment based on prior approval and alleged misrepresentations "based on a legal duty that is independent of ERISA and the plan terms . . . [are] not completely preempted").

    2.  State Law Claims

Alternatively, defendants argue that plaintiff's claims are all subject to dismissal because plaintiff has failed to allege facts sufficient to state a claim for which relief may be granted under state law.[16]

    (a)  Fraud and Fraudulent Inducement

Plaintiff alleges claims for fraudulent inducement and for fraud by stating that

> 12. Cigna Healthcare coverage was verified by Plaintiff prior to rendering of medical services to Cigna Covered Patients. Additionally, Defendants via conference calls and written correspondence stated that prompt payment would be made to Plaintiff if verifi[cation of] all attempts to collect premiums and deductibles by Plaintiffs of the Cigna healthcare covered patients would occur. Defendant had no intention of complying with the Texas Prompt Payment Statutes and refused to pay for services provided to Cigna Healthcare Covered Patients.

---

[16]Defendants' Brief in Support of the Motion to Dismiss, Docket Entry No. 6, pp. 8-15.

-15-

. . .

16.  Defendant made material misrepresentations to the
Plaintiffs that induced the Plaintiffs to provide
services to Defendants healthcare covered patients. The
representations made by Defendants were false and
Plaintiffs justifiably relied on Defendants
misrepresentations. Defendants misrepresentations
proximately caused Plaintiffs monetary damages in the
amount of at least $4,06,193.78 [sic].[17]

Defendants argue that

Plaintiff's claims for fraud and fraudulent inducement
are deficient as a matter of law because Plaintiff has
not pled and cannot plead its claims with the requisite
particularity. Plaintiff has only made conclusory
allegations that fail to identify the particulars of
time, place, and contents of the alleged false
representations, as well as the identity of the person
making the misrepresentation[s].[18]

Rule 9(b) of the Federal Rules of Civil Procedure provides

that "[i]n alleging fraud or mistake, a party must state with

particularity the circumstances constituting fraud or mistake." In

this circuit, Rule 9(b) requires, at a minimum, that plaintiff

allege "the particulars of time, place, and contents of the false

representations, as well as the identity of the person making the

misrepresentations and what he obtained thereby." Benchmark

Electronics, Inc. v. J.M. Huber Corp., 343 F.3d 719, 724 (5th

Cir.), modified on denial of rehearing, 355 F.3d 356 (5th Cir.

2003). In other words, a plaintiff alleging fraud must "plead

---

[17]Plaintiff's Original Petition ¶ 12, attached to Notice of
Removal, Docket Entry No. 1.

[18]Defendants' Brief in Support of the Motion to Dismiss, Docket
Entry No. 6, p. 2.

-16-

enough facts to illustrate 'the who, what, when, where, and how of the alleged fraud.'"  <u>Carroll v. Fort James Corp.</u>, 470 F.3d 1171, 1174 (5th Cir. 2006) (quoting <u>United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.</u>, 125 F.3d 899, 903 (5th Cir. 1997)). These requirements also apply to claims for fraudulent inducement. <u>Langton v. Cbeyond Communication, L.L.C.</u>, 282 F.Supp.2d 504, 506 (E.D. Tex. 2003) ("Rule 9(b) applies to all fraud claims, including fraudulent inducement to contract.").

Plaintiff's allegations of fraud and fraudulent inducement are insufficient to state a claim for which relief may be granted because they fail to identify the specific representations alleged to be fraudulent, who made them, the date or dates on which they were made, to whom they were made, and why they were made.  By failing to include these particulars in its allegations of fraud and fraudulent inducement, plaintiff has failed to satisfy Rule 9(b)'s requirements for stating a claim for which relief may be granted for either fraud or fraudulent inducement.  Plaintiff's claims for fraud and fraudulent inducement are subject to dismissal for failure to state a claim for which relief may be granted.

(b)  <u>Quantum Meruit</u>

Plaintiff alleges claims for <u>quantum meruit</u> by stating that

14.  Plaintiff furnished medical services to Cigna-covered healthcare patients after Plaintiff verified Cigna's financial responsibility in the verification and certification of patient's healthcare.  Defendant represented that medical coverage on the necessary

-17-

medical services would be covered under the patients
Cigna healthcare plan. Plaintiff provided medical
services to various Cigna healthcare-covered patients.
Plaintiff submitted several invoices to Defendants for
payment on services rendered upon various Cigna-covered
healthcare patients. Defendant stated that no payments
on the various invoices would be rendered until Plaintiff
verifies that all attempts to collect all premiums and
deductibles were met as Defendant wrongfully concluded
that Plaintiff was practicing fee-forgiving in its
collection practices. Plaintiff did send written
correspondence to Defendants as per their request, yet no
payments on the patients were rendered.[19]

Defendants argue that "Plaintiff's claim for quantum meruit should
be dismissed because Plaintiff has not pled, nor can it show, that
valuable services were provided by Plaintiff to Defendants."[20]

Quantum meruit is an equitable theory of recovery based on an
implied agreement to pay for benefits received. Heldenfels
Brothers, Inc. v. City of Corpus Christi, 832 S.W.2d 39, 41 (Tex.
1992) (citing Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.,
787 S.W.2d 942, 944 (Tex. 1990)). A party may recover under
quantum meruit only when there is no express contract covering the
services or material furnished. Vortt, 787 S.W.2d at 944. The
elements of a claim for quantum meruit are: "(1) valuable services
were rendered; (2) for the person sought to be charged; (3) which
were accepted and enjoyed; (4) under circumstances giving
reasonable notice that compensation was expected for the services."

---

[19]Plaintiff's Original Petition ¶ 14, attached to Notice of
Removal, Docket Entry No. 1.

[20]Defendants' Brief in Support of the Motion to Dismiss, Docket
Entry No. 6, p. 2.

-18-

<u>Infra-Pak (Dallas), Inc. v. Carlson Stapler & Shippers Supply,
Inc.</u>, 803 F.2d 862, 865 (5th Cir. 1986) (citing <u>Bashara v. Baptist
Memorial Hospital System</u>, 685 S.W.2d 307, 310 (Tex. 1985)).  <u>See
also</u> <u>Heldenfels</u>, 832 S.W.2d at 41.

The factual allegations in Plaintiff's Original Petition are
insufficient to support a claim for <u>quantum meruit</u> because they
show that the medical services for which plaintiff seeks payment
were not provided to the defendants but, instead, were provided to
"patients whom carry Cigna Healthcare Insurance."[21]  The petition
does not allege that any valuable services were provided to or for
the defendants.  Absent factual allegations capable of proving that
the defendants received value from the services the plaintiff
provided to "patients whom carry Cigna Healthcare Insurance,"
plaintiff's <u>quantum meruit</u> claim is subject to dismissal for
failure to state a claim on which relief may be granted.

(c)   Promissory Estoppel

Plaintiff alleges claims for promissory estoppel by stating
that

> 18.   Plaintiff called Defendants to verify that the
> medical services that needed to be rendered were covered
> under the individual patients healthcare coverage plan
> provided by Cigna.   Cigna verified coverage for the
> medical services prior to the rendering of the medical
> services.   Furthermore after the services were provided
> Defendants required Plaintiffs to submit in writing a

---

[21]<u>Id.</u> at 12 (citing Plaintiff's Original Petition ¶ 7, attached
to Notice of Removal, Docket Entry No. 1).

verification letter stating that Plaintiff would make all efforts to ensure collection of deductibles and premiums. Defendant stated that payments on outstanding invoices would be made after receipt of this letter.  Plaintiff provided medical services and tendered the letter after medical services were provided as requested by Defendants.  A promise was made to Plaintiff which Defendant could foresee that Plaintiff would rely upon that promise.  Plaintiff did rely upon that promise to their detriment and an injustice can be avoided only by the legal enforcement of the promise.[22]

Defendants argue that "Plaintiff's claim for promissory estoppel should be dismissed because Plaintiff has not pled, nor can it show, that Defendants made a definite promise or that Plaintiff's reliance on the alleged promise was justifiable and reasonable."[23]

Promissory estoppel is normally a defensive theory, but is available as a cause of action to promissees who have acted to their detriment in reasonable reliance on an otherwise unenforceable promise.  Wheeler v. White, 398 S.W.2d 93, 96-97 (Tex. 1965).  The elements of a promissory estoppel claim are (1) a promise, (2) foreseeability that the promissee would rely on the promise, and (3) detrimental reliance on the promise by the promissee.  English v. Fischer, 660 S.W.2d 521, 524 (Tex. 1983).

Plaintiff's allegations that CIGNA verified coverage for its beneficiaries before plaintiff provided the medical services at issue are insufficient to support a claim for promissory estoppel

---

[22]Plaintiff's Original Petition ¶ 18, attached to Notice of Removal, Docket Entry No. 1.

[23]Defendants' Brief in Support of the Motion to Dismiss, Docket Entry No. 6, p. 2.

because even if proved those allegations would only establish that
CIGNA verified that the patients to whom plaintiff provided medical
services were insured, they would not establish that CIGNA promised
to pay for the medical services provided, that plaintiff's reliance
on such a promise was foreseeable to CIGNA, or that plaintiff
substantially relied on such a promise to its detriment.  Nor are
plaintiff's allegations -- that defendants told plaintiff that
defendants would pay plaintiff's outstanding invoices if plaintiff
submitted a verification letter stating that it made all efforts to
ensure collection of deductibles and premiums -- sufficient to
state a promissory estoppel claim.  Since plaintiff alleges that
the medical services at issue were provided before defendants
stated that the claims would be paid if plaintiff provided the
requested letter, even if this statement did constitute a promise,
plaintiff's promissory estoppel claim would still be subject to
dismissal because plaintiff has not alleged that CIGNA could have
foreseen that plaintiff would rely on this statement, or that the
plaintiff did rely on this statement to plaintiff's detriment.
Plaintiff's claim for promissory estoppel is subject to dismissal
for failure to state a claim for which relief may be granted.

    (d)   Sworn Account

Plaintiff alleges claims for a sworn account by stating that

> 20.  Plaintiffs rendered services upon a patients account
> and the amount is usual, customary and reasonable.
> Plaintiff submitted invoices to Defendants and written

-21-

correspondence was sent to Defendants verifying that all offsets were credited and any additional offsets would also be credited.  Outstanding balance on the Cigna Healthcare covered patient invoices remain outstanding and unpaid.[24]

Defendants argue that "Plaintiff's claim on a sworn account should be dismissed because Plaintiff has not pled, nor can it show, that the alleged services were provided pursuant to an agreement, or that the prices charged were the usual, customary, and reasonable prices for the services rendered."[25]

> The essential elements of proof in a suit on a sworn account are (1) sale and delivery of merchandise or performance of services and (2) that the amount of the account is "just," which means the prices charged are pursuant to an express contract, or in the absence of a contract, that the charges are agreed to and usual, customary, or reasonable.

Thorp v. Adair & Myers, 809 S.W.2d 306, 307 (Tex. App. -- Houston [14th Dist.] 1991, no writ) (citing Bluebonnet Express, Inc. v. Employers Insurance of Wausau, 651 S.W.2d 345, 353-54 (Tex. App. -- Houston [14th Dist.] 1983, writ ref'd n.r.e.). See also Interstate Battery Sys. of America, Inc. v. Wright, 811 F.Supp. 237, 245 (N.D. Tex. 1979) (concerning an account for services rendered).  In Thorp a law firm brought suit on a sworn account against a client for unpaid fees.  After reviewing the testimony by an attorney from the

_____

[24]Plaintiff's Original Petition ¶ 20, attached to Notice of Removal, Docket Entry No. 1.

[25]Defendants' Brief in Support of the Motion to Dismiss, Docket Entry No. 6, p. 3.

-22-

law firm, the appeals court concluded that "[w]hile the appellee laid a very nice predicate for the introduction of a business record, it failed to prove the necessary elements for a sworn account.  Mr. Adair never testified that he or his law firm had actually performed any services for the appellant." Id. at 308.

Plaintiff's allegations that it "rendered services upon a patients account and the amount is usual, customary and reasonable," are insufficient to state a claim on a sworn account because even if plaintiff can prove these allegations, since plaintiff alleges that the medical services for which it seeks payment were provided to patients insured by the defendants, not to the defendants, absent allegation of facts capable of proving that plaintiff performed the medical services at issue for the defendants, plaintiff's claim on an account is subject to dismissal for failure to state a claim for which relief may be granted.

### III.  Conclusions and Order

For the reasons explained above, the court concludes that the state-law claims asserted in Plaintiff's Original Petition are not completely preempted by ERISA, but that they are subject to dismissal for failure to state a claim for which relief may be granted under state law.  Plaintiff has neither responded to defendants' motion nor sought leave to amend to cure any of the deficiencies in its claims raised by Defendants' Motion to Dismiss.

-23-

Accordingly, Defendants' Motion to Dismiss (Docket Entry No. 5) is **GRANTED**, and this action will be dismissed without prejudice.

**SIGNED** at Houston, Texas, on this the 24th day of May, 2010.

                                        _____
                                             SIM LAKE
                                        UNITED STATES DISTRICT JUDGE